Davis & Watson v. Rogers.

DAVIS & WATSON v. ROGERS.

Mortgage: RIGHTS OF JUNIOR MORTGAGEE. The rights of a junior mortgagee cannot be defeated by any arrangement between a prior mortgagee and the mortgagor, or any adjudication of their respective rights to which the junior mortgagee was not a party, no matter in what form the transaction constituting the mortgage consisted — whether in the form of an absolute deed, or in one showing the absolute legal title to be in the first mortgagee.

*Appeal from Marshall District Court.*

SATURDAY, JANUARY 8.

PROCEEDING to foreclose a mortgage. Decree for plaintiff. Defendant, Rogers, appeals. The facts are set out in the opinion.

*Henderson Bros. & Merriman* for the appellant.

*Boardman & Brown* for the appellee.

BECK, J.— The decision of this case turns upon the facts, which we find to be as follows: Rogers sold to Margaret

MORTGAGE: A. Clark a quarter section of land in Mar-
rights of junior
mortgagee. shall county. After the contract of sale and the receipt of the consideration for the land, no deed having been made by Rogers, he loaned Amzi B. Clark, the husband of Margaret, $100, and, in order to secure its repayment, it was agreed that he should retain the title of the land in himself. In pursuance of this arrangement he executed to Mrs. Clark an agreement in writing to convey to her the land upon the payment of the sum so loaned, with interest, and the further payment by her of all taxes assessed upon the land. This instrument contained conditions to the effect, that, in case of the non-performance, on the part of Mrs. Clark, she should forfeit all payments made by her, and Rogers should have the right to declare the contract forfeited and enter upon the land This transaction was in 1861. In the same year Amzi B. & Margaret A. Clark executed to plaintiff a mortgage upon eighty acres of the land to secure four notes, amounting to $428.

In 1867, Clark and wife instituted an action against Rogers upon the agreement, asking for a conveyance of the land by Rogers, or judgment for the amount of the

purchase-money paid therefor, in case the conveyance by Rogers could not be enforced. The suit resulted in a decree requiring Rogers to convey the land, and a judgment against him for $1,150 to be enforced in case he failed so to do. Service was had upon Rogers by publication; the land was attached and the decree directed its sale. Subsequently, Rogers settled the judgment by the payment of $450, and it was satisfied and discharged. Soon after the payment of this judgment plaintiffs commenced this suit.

The title of the land being retained by Rogers to secure money loaned to Clark, the transaction amounted to a mortgage. Such unquestionably would have been the case had Rogers conveyed the land to Mrs. Clark, and she had reconveyed for the purpose of the security. The real transaction between the parties amounts to nothing more, and their relations to each other, growing out of it, are those of mortgagor and mortgagee.

Clark and wife undoubtedly could have conveyed absolutely their interest or estate in the land, and we know of no reason why they could not mortgage it. As between plaintiffs, the mortgagees, and Rogers, no question of notice can arise, as it might between other parties. Rogers of course had notice of the Clarks' estate in and title to the land. The relations of the parties are such as arise in case of successive mortgages. The Clarks are the mortgagors; Rogers the senior, and plaintiffs the junior mortgagees.

Rogers acquired no equities against plaintiffs by the payment of the judgment. If plaintiffs' mortgage was valid when made, and bound the property in the hands of the Clarks, it is plain that, by no arrangement between them and Rogers, nor by any adjudication of their respective rights, plaintiffs not being parties thereto, could it be defeated. The acquisition, in such a way, by

Rogers of the Clarks' interest in the land cannot affect plaintiffs' mortgage. As against plaintiffs he acquired the same rights, and none others, that would have been conferred in case the Clarks had conveyed the land to him.

No question can arise upon the condition of the agreement between the Clarks and Rogers, providing, that, in case of the failure of the Clarks to pay the sums provided for, the contract, at the option of Rogers, may be forfeited and he may re-enter and take possession of the land. We need not determine whether this condition could have been enforced. The judgment against Rogers, and his payment thereof, precludes him from setting up, in this action, the protection of that condition, if it could under other circumstances be enforced.

The court finds that the indebtedness to Rogers, secured upon the land, together with certain sums expended by him for taxes thereon, had not been paid by the Clarks; and declares that one-half thereof shall be a prior lien upon the land conveyed by the mortgage, which is one-half of the land described in the contract between Rogers and the Clarks, and directs that such sum be first paid from the proceeds of the sale of the land. Rogers has no cause to complain of this order. It is as favorable to him as the rules of equity will allow. No question is made as to the amount of the judgments in favor of either plaintiffs or Rogers.

These views dispose of the case. Other points made by appellant's counsel need not be considered. The decree of the District Court is

Affirmed.